

Russell D. Duncan
T (202) 640-6657
F (202) 552-2377
Email:rduncan@ClarkHill.com

Clark Hill
1001 Pennsylvania Avenue N.W.
Suite 1300 South
Washington, DC 20004
T (202) 772-0909
F (202) 772-0919

April 5, 2024

**VIA ECF**

The Honorable Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *United States v. Charlie Zaki Abujudeh*
              Criminal Docket No. 22-161 (PKC)

Dear Judge Chen:

As a supplement to our Sentencing Memorandum, we write in connection with Mr. Abujudeh's sentencing hearing in the above-captioned matter scheduled for April 9, 2024. Defense counsel has become aware of relevant caselaw regarding loss amount and submits this letter to supplement the sealed Sentencing Memorandum filed on April 2, 2024.

    I.    Background

On May 12, 2022, Mr. Abujudeh pled guilty to one count of conspiracy to commit securities fraud. On March 19, 2024, the Presentence Report ("Report") was provided to defense counsel. The Report calculated Mr. Abujudeh's offense level to be nineteen, with sixteen of the nineteen points coming from the loss amount. Report, ¶ 42, ¶ 52. The Presentence Report calculated the loss by using the intended loss instead of actual loss. Report, ¶ 35. The use of the intended loss amount severely inflated Mr. Abujudeh's offense level causing his Guidelines range to be 30-37 months imprisonment.

    II.    Analysis

Under Guideline 2B1.1, the loss amount is limited to actual loss and does not include nor intends to punish defendants for intended loss. In *Kisor v. Wilkie*, 139 S.Ct. 2400 (2019), the Supreme Court decided that courts must narrow their analysis to the actual Guideline text, which provides for offense-level enhancements for actual loss. U.S.S.G. §2B1.1(b)(1). The use of the

intended loss derives from the commentary, not the Guidelines text. U.S.S.G. §2B1.1 cmt. n.3(A). A court may give Guideline commentary effect only when the Guideline text is "genuinely ambiguous" after examining its construction, and only if the commentary falls within the "zone of ambiguity." *Kisor*, 139 S.Ct. at 2416-16.

The term "loss" is clear—it means "deprivation." *See* Loss, Merriam Webster's Dictionary, available at https://www.merriam-webster.com/dictionary/loss. Even using a colloquial approach to the meaning of loss, no reasonable person would assume that loss meant anything other than actual harm to the individual who suffered the loss. Accordingly, the commentary is inapplicable, and the Court should decline to use intended loss for Mr. Abujudeh's offense level. *See United States v. Ricciardi*, 989 F.3d 476, 479-80 (6th Cir. 2021) (court applied *Kisor* and rejected the commentary to §2B1.1 in loss calculation); *Accord, United States v. Beebe*, 21-CR-197 (CBA), (E.D.N.Y., Dec. 20, 2021), Ex. A at 9-10 (court applying *Ricciardi* and *Kisor*, rejecting intended loss commentary and relying on actual loss based on the text in the Guidelines); *United States v. Kirschner*, 995 F.3d 327, 333 (3d Cir. 2021) (highlighting that "[b]y interpreting 'loss' to mean intended loss, it is possible that the commentary 'sweeps more broadly than the plain text of the Guideline'") (quoting *United States v. Nasir*, 982 F.3d 144, 177 (3d Cir. 2020 (*en banc*) (Bibas, J., concurring)).

In this case, the court should apply actual loss. The Presentence Report writer noted that one victim reported that he paid $126,000 for his stock and sold it at a loss of $39,533, recouping approximately seventy percent of his investment. Report, ¶ 32. If this percentage amount were used for all investors, the actual loss on the $2,500,000 in proceeds would be $775,000, the offense level 17, and the guideline sentence range would be reduced to 24 months to 30 months. Alternatively, the Court could look to the government's calculation of the required forfeiture of $249,985.44 as the approximate measure of the loss. This would reduce the offense level to 13 and the sentence range to 12 months to 18 months.

III. Conclusion

For the aforementioned reasons, Mr. Abujudeh respectfully requests that the Court decline to use intended loss in calculating his Guidelines and sentence Mr. Abujudeh to a term of probation.

Respectfully submitted,

*/s/ Russell D. Duncan*
Russell D. Duncan, Esq.
Clark Hill PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone: (202) 640-6657
Facsimile: (202) 552-2377
Email: rduncan@clarkhill.com
*Counsel for Defendant*
*Charlie Zaki Abujudeh*

cc: Clerk of Court (PKC)
Assistant United States Attorney Jonathan P. Lax

K8025\433034\276842573